JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Violet Marley

**DEFENDANTS**

PricewaterhouseCoopers LLP

**(b)** County of Residence of First Listed Plaintiff    Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Morris
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire
Console Mattiacci Law, LLC
110 Marter Ave., Suite 502, Moorestown, NJ 08057 (856.854.4000)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane    ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product      Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument |      Liability    ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'      Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    ❏ 368 Asbestos Personal ❏ 340 Marine      Injury Product | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation ❏ 470 Racketeer Influenced and |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product      Liability      Liability | | ❏ 840 Trademark |      Corrupt Organizations |
| ❏ 160 Stockholders' Suits |      Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending |      Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise |      Product Liability    ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) |      Exchange |
| | ❏ 360 Other Personal      Property Damage |      Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| |      Injury    ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury -      Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| |      Medical Malpractice |      Leave Act | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights    **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee | | |      Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment    ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party |      Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/      Sentence | |      26 USC 7609 | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability |      Accommodations    ❏ 530 General | | |      State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -    ❏ 535 Death Penalty      Employment    **Other:** | **IMMIGRATION** | | |
| | ❏ 446 Amer. w/Disabilities -    ❏ 540 Mandamus & Other      Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education    ❏ 550 Civil Rights    ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| |    ❏ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq. ("ADA"), 29 U.S.C. § 623 et seq. ("ADEA"), N.J.S.A. § 10:5-1, et seq. ("LAD"), 29 U.S.C. § 2601, et seq. ("FMLA")

Brief description of cause:
Plaintiff brings this action against Defendant for age and disability discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** In excess of $75,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
7/29/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VIOLET MARLEY**<br>Stratford, NJ 08084<br><br>*Plaintiff*,<br><br>v.<br><br>**PRICEWATERHOUSECOOPERS LLP**<br>400 Campus Drive<br>Florham Park, NJ 07932<br><br>*Defendant*. | **CIVIL ACTION NO.**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.     INTRODUCTION

Plaintiff, Violet Marley ("Plaintiff"), brings this action against her former employer, PricewaterhouseCoopers LLP ("Defendant"), asserting claims of age and disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("LAD"). Plaintiff also asserts a claim of retaliation against Defendant in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff seeks all damages, including economic loss, compensatory and punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate under applicable law.

### II.     PARTIES

1.     Plaintiff is an individual and a citizen of New Jersey.

2.     Plaintiff was 54 years of age at the time that Defendant terminated her employment.

3.      At all times material hereto, Plaintiff was disabled under the ADA and LAD in that she suffered from depression and anxiety, which substantially limited one or more of her major life activities, and/or had a record of impairment, and/or was regarded as having such impairment.

4.      Defendant is a corporation and a citizen of New Jersey with a principal place of business located at 400 Campus Drive, Florham Park, New Jersey.

5.      Defendant is engaged in an industry affecting interstate commerce and, at all times material hereto, has regularly conducted business in New Jersey.

6.      At all times material hereto, Defendant employed more than 50 individuals within a 75-mile radius of Plaintiff's primary reporting office in Florham Park, New Jersey.

7.      Plaintiff was employed for at least 1,250 hours of service during her last 12 months period of employment and at the time she last went on an FMLA leave.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this action.

9.      At all times material hereto, Defendant acted as an "employer" within the meaning of the statutes which form the basis of this action.

10.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment or agency and in furtherance of its business.

## JURISDICTION AND VENUE

11.     The causes of action which form the bases of this action arise under the ADA, ADEA, LAD, and FMLA.

2

Case 2:21-cv-14280-BRM-AME   Document 1   Filed 07/29/21   Page 4 of 15 PageID: 4

12.     The District Court has subject matter jurisdiction over Count I (ADA), Count II (ADEA), and Count IV (FMLA) pursuant to 28 U.S.C. § 1331.

13.     This Court has supplemental jurisdiction over Counts III (LAD) pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in the District Court under 28 U.S.C. § 1391(b), because Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District.

15.     On or about July 7, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination and retaliation alleged herein ("Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

16.     On May 6, 2021, the EEOC issued Plaintiff a Notice of Right to Sue regarding her Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## FACTUAL ALLEGATIONS

18.     Plaintiff (54 at the time of her termination) began her employment with Defendant on or about October 22, 2012.

19.     At Defendant, Plaintiff last held the position of Manager, Internal Firm Services.

20.     In or around July 2017, Plaintiff began reporting to Caroline Calkins ("Calkins") (54), Premier Experiences Leader.

21.     Calkins Reported to Matthew Lieberman ("Lieberman") (40), Chief Marketing Officer, US and Mexico, and Reggie Walker ("Walker") (52), Chief Commercial Officer.

22.     At the time of her termination, Plaintiff was the oldest employee reporting to Calkins.

23.     On or about March 12, 2019, Plaintiff was diagnosed with depression and anxiety.

24.     On March 15, 2019, in an email to Calkins and Amy Sjoblom ("Sjoblom") (35), Human Resources Senior Manager, Plaintiff informed Defendant that she had seen her doctor, was under her doctor's care, and her doctor had recommended that she take a 30-day medical leave of absence, starting immediately.

25.     From March 15, 2019, to April 14, 2019, Plaintiff was out of work on a medical leave of absence under the FMLA related to her depression and anxiety.

26.     On April 15, 2019, Plaintiff returned to work from her medical leave of absence with the accommodation of working part-time for two weeks before returning to work full-time.

27.     Upon Plaintiff's return to work, Defendant assigned her additional tasks without providing her training or support.

28.     On May 26, 2019, in an email to Calkins and Sjoblom, Plaintiff informed Defendant that, per her doctor's orders, Plaintiff was to go out on a 60-day medical leave of absence.

29.     From May 28, 2019, to July 28, 2019, Plaintiff was out of work on a medical leave of absence under the FMLA related to her depression and anxiety.

30.     On July 29, 2019, Plaintiff returned to work from her medical leave of absence.

4

31.     On August 2, 2019, on a phone call with Calkins and Sjoblom, Defendant conducted Plaintiff's annual performance review and placed her on a Performance Improvement Plan ("PIP"), dated July 30, 2019 (the "August 2nd Meeting").

32.     Plaintiff's performance did not warrant the issuance of a PIP.

33.     During the August 2nd Meeting, in criticizing Plaintiff's performance, Calkins mentioned Plaintiff's prior medical leaves of absence and told Plaintiff that, "[Plaintiff] not only went out on [her] once, but twice."

34.     As a result of being placed on the PIP, Plaintiff was denied an annual bonus.

35.     Defendant placed Plaintiff on a PIP because of her age, disability, her seeking reasonable accommodations for her disability, and/or her medical leaves of absence under the FMLA.

36.     Upon Plaintiff's return to work, Plaintiff was treated more hostile and less favorably, including, but not limited to, being held to a more stringent standard and unjustly criticized, than her younger, non-disabled employees, and/or employees who had not sought reasonable accommodations or taken medical leaves of absence were treated. For example, Plaintiff was being singled out and picked on by Maria Devine ("Devine") (45), Director of Premier Experiences, for grammar or punctuation errors, and subjected to disciplinary action.

37.     On November 15, 2019, on a phone call with Calkins and Sjoblom, Defendant placed Plaintiff on an extended 60-day PIP.

38.     Plaintiff's performance did not warrant an extended PIP.

39.     Defendant placed Plaintiff on an extended PIP because of her age, disability, her seeking reasonable accommodations for her disability, and/or her medical leaves of absence under the FMLA.

40.     On or about December 17, 2019, in a meeting with Dean Simone ("Simone") (59), US Risk Assurance and Asia-Pacific Americas Cluster Leader, Plaintiff informed him that she had been diagnosed with anxiety and depression, which led to her medical leaves of absence, and complained that she felt that Calkins and Devine, were discriminating and retaliating against her for taking her medical leaves of absence for her disability (the "December 17th Meeting").

41.     At the December 17th Meeting, Simone stated that he would take Plaintiff's complaints to Walker, and that, since Walker was Calkins' supervisor, Walker should be involved.

42.     Defendant failed to remedy or prevent the disability discrimination and retaliation to which Plaintiff was subjected.

43.     Upon information or belief, Defendant failed to investigate Plaintiff's complaint of retaliation because of her having taken medical leaves of absence for her disability.

44.     On January 23, 2020, on a phone call with Calkins, Devine, and Sjoblom, Defendant placed Plaintiff on an extended 30-day PIP (the "January 23rd Meeting").

45.     During the January 23rd Meeting, Calkins told Plaintiff that she heard that Plaintiff spoke with Simone.

46.     Plaintiff's performance did not warrant an extended PIP.

47.     Defendant placed Plaintiff on an extended PIP because of her age, disability, her seeking reasonable accommodations for her disability, her medical leaves of absence under the FMLA, and/or her complaints of discrimination and retaliation.

48.     On or about January 27, 2020, Simone told Plaintiff that he spoke with Walker about her complaint of discrimination and retaliation.

49.     Defendant failed to remedy or prevent the disability discrimination and retaliation

to which Plaintiff was subjected.

50.     Upon information and belief, Defendant failed to investigate Plaintiff's complaint of discrimination and retaliation.

51.     On February 27, 2020, on a phone call with Calkins and Sjoblom, Defendant terminated Plaintiff's employment, effective immediately.

52.     Defendant's stated reason for Plaintiff's termination was that Plaintiff did not show enough improvement while on the PIP.

53.     Defendant's stated reason for Plaintiff's termination is pretext for discrimination and retaliation.

54.     Prior to reporting to Calkins, Plaintiff had never been placed on a PIP or notified that her job was in jeopardy.

55.     At the time of Plaintiff's termination, the following employees reported to Calkins, in addition to Plaintiff:

        a.  Nic Piner (30), Senior Associate;
        b.  Chelsea Gravesande (30), Senior Associate;
        c.  Karen Mohamed (35), Senior Associate;
        d.  Hillary Callabrese (35), Manager;
        e.  Kelly Urick (35), Manager;
        f.  Christina Perez (38), Manager;
        g.  Patricia Jensen (40), Manager;
        h.  Krista Aman (45), Manager;
        i.  Wendy Wendeborn (45), Manager;
        j.  Laura Goodrich (45), Director;
        k.  Maria Devine (45), Director.
        l.  Brian Welch (52), Senior Manager.

56.     Plaintiff was as or more qualified to perform her job duties and responsibilities than the significantly younger Managers reporting to Calkins who were retained.

57.     Defendant assigned a portion of Plaintiff's job duties and responsibilities to Nic Piner ("Piner") (30), who was hired in or around August of 2019.

7

58.     Upon Piner's hiring, Plaintiff had been instructed to train Piner.

59.     Plaintiff was more qualified to perform her job duties than Nic Piner, who was significantly younger, had not sought reasonable accommodations for a disability, taken medical leaves of absence, or engaged in protected activity.

60.     Defendant targeted, pushed out, terminated older and/or disabled employees. For example, upon information and belief, Defendant recently caused Dorothy Jones (65), Director, Maggie Burke (59), Director, and Kathleen Martell (53), Senior Associate, each of whom had been reporting to Calkins, to leave the company.

61.     Additionally, upon information and belief, Defendant has a mandatory retirement policy for Partners who are age 60 or above.

62.     Defendant terminated Plaintiff's employment because of her age, disability, her seeking reasonable accommodations for her disability, her medical leaves of absence under the FMLA, and/or her engaging in protected activity.

63.     Defendant did not treat Plaintiff in the same way that it treated similarly-situated younger, non-disabled employees, and/or employees who did not take medical leaves of absence or request a reasonable accommodation for a disability or engage in protected activity.

64.     Plaintiff's age and/or disability were motivating and/or determinative factors in Defendant's discriminatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which Plaintiff was subjected, her placement on a PIP, and her termination.

65.     Plaintiff's request for a reasonable accommodation for her disability and/or taking medical leaves of absence were motivating and/or determinative factors in Defendant's retaliatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which Plaintiff was subjected, her placement on a PIP, and her termination.

8

66.     Plaintiff's complaints of discrimination and retaliation were motivating and/or determinative factors in Defendant's retaliatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which Plaintiff was subjected, her placement on a PIP, and her termination.

67.     The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

68.     Defendant retaliated against Plaintiff's right to take FMLA leave.

69.     Plaintiff's taking of leave under the FMLA was a motivating and/or determinative factor in Defendant's retaliatory treatment of Plaintiff, including, but not limited to, her placement on a PIP and her termination.

70.     The retaliatory actions taken against Plaintiff after she engaged in protected activity would discourage a reasonable employee from complaining of discrimination or retaliation at Defendant.

71.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

72.     Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

73.     The conduct of Defendant, as alleged herein, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

74.     The conduct of Defendant, as alleged herein, included upper-management involvement and was especially egregious.

75.     No previous application has been made for the relief requested herein.

## COUNT I
### (VIOLATION OF ADA)

76.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

77.     By committing the foregoing acts of discrimination and retaliation, Defendant has violated the ADA.

78.     Said violations were intentional and with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

79.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

80.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

81.     No previous application has been made for the relief requested herein.

## COUNT II
### (VIOLATION OF THE ADEA)

82.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

83.     By committing the foregoing acts of discrimination, Defendant has violated the ADEA.

84.     Said violations were intentional and with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of liquidated damages.

85.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

86.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

87.     No previous application has been made for the relief requested herein.

**COUNT III**
**(VIOLATION OF LAD)**

88.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

89.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the LAD.

90.     Members of upper management of Defendant had actual participation in, or willful indifference to, Defendant's unlawful conduct set forth herein.

91.     Said violations were especially egregious and warrant the imposition of punitive damages.

92.     As a direct and proximate result of Defendant's violation of the LAD, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

93.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts, and the hostile

11

work environment to which she was subjected unless and until this Court grants the relief requested herein.

94.     No previous application has been made for the relief requested herein.

## COUNT IV
## (VIOLATION OF THE FMLA)

95.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

96.     By committing the foregoing acts of retaliation against Plaintiff, Defendant has violated the FMLA.

97.     As a result of Defendant's retaliation against Plaintiff for exercising her right to take leave, Defendant denied Plaintiff her rights under the FMLA.

98.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

99.     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

100.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

101.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA, ADEA, LAD, and FMLA;

(b) enjoining and permanently restraining the violations alleged herein;

(c) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(d) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(e) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f) awarding punitive damages to Plaintiff under the ADA and LAD;

(g) awarding liquidated damages under the ADEA and FMLA;

(h) awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,
**CONSOLE MATTIACCI LAW, LLC**

By:    <u>*/s/ Fernando I. Rivera*</u>
FERNANDO I. RIVERA, ESQ.
110 Marter Avenue, Suite 502
Moorestown, New Jersey 08057
Phone: (856) 854-4000
rivera@consolelaw.com

Dated: 7/29/2021    *Attorney for Plaintiffs*

14